Filed 4/21/23 P. v. Torres CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079481 |
| v. | (Super.Ct.No. SWF024485) |
| JOSE CARMELO TORRES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. Judith C. Clark, Judge. Reversed.

Cynthia M. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal, Lynne G. McGinnis and Randall D. Einhorn, Deputy Attorneys General, for Plaintiff and Respondent.

1

## INTRODUCTION

Defendant and appellant Jose Carmelo Torres appeals the trial court's denial of his petition for resentencing made pursuant to Penal Code section 1172.6.[1] He claims the court improperly denied his petition at the prima facie stage based solely on representations by the prosecutor that he acted alone in killing the victim. The prosecutor did not present anything from the record of conviction. The People concede that the court erred and that the matter should be remanded for another prima facie hearing. We agree.

## PROCEDURAL BACKGROUND

On April 2, 2015, defendant was charged by information with one count of murder. (§ 187, subd. (a); count 1.) The information also alleged that defendant personally discharged a firearm causing great bodily injury or death. (§ 12022.53, subd. (d).) The information was later amended by interlineation to add a count of voluntary manslaughter (§ 192, subd. (a); count 2), with an allegation of personal firearm use (§ 12022.5, subd. (a)).

On November 16, 2015, pursuant to a plea agreement, defendant pled guilty to the voluntary manslaughter count and admitted the personal firearm use allegation, in exchange for a sentence of 21 years and the dismissal of the remaining counts and

---

[1] All further statutory references are to the Penal Code. Section 1170.95 was renumbered as section 1172.6 without change in the text, effective June 30, 2022 (Stats. 2022, ch. 58, § 10). For the sake of simplicity, we refer to the provision by its new numbering.

2

allegations. On December 4, 2015, the court sentenced defendant pursuant to the plea agreement to a 21-year determinate term in state prison.

On March 9, 2022, defendant filed a petition for resentencing pursuant to section 1172.6. He checked the box stating he pled guilty to first or second degree murder[2] in lieu of going to trial because he believed he could be convicted of murder at trial pursuant to the felony-murder rule or the natural and probable consequences doctrine. He also checked the boxes stating that he was not the actual killer and did not, with the intent to kill, aid or abet the actual killer, and he was not a major participant in the felony.

The prosecutor did not file and serve a response. (§ 1172.6, subd. (c).)

On July 22, 2022, the court held a hearing on the petition. There, the prosecutor stated: "It's our position that this petition should be denied. The defendant pled to voluntary manslaughter in 2015, admitting that he personally used a firearm. The documents in imaging, including the arrest warrant, indicated that he was acting alone when he killed the defendant [*sic*] and shot him one time in the chest. No one else was involved. The minutes indicate that live witnesses identified the defendant at prelim. [¶] So based upon the record before the Court under *People versus Lewis*, we believe the defendant is ineligible and the petition should be denied." Defense counsel objected, noting there was no trial transcript.

---

[2] The petition form used by defendant referred to a guilty plea to murder rather than manslaughter. The form did not provide an option for a manslaughter conviction, presumably because it was drafted before the amendments to section 1172.6 clarifying it applied to convictions for manslaughter and attempted murder. (§ 1172.6, subd. (a).)

The court then stated, "Based on the information provided to this Court, with regards to the nature and circumstances of the offense, the charge, and the lack of any instructions or theories of prosecution which would make—bring this within 1170.95, the Court finds defendant is ineligible for the relief. Petition is denied."

Defendant filed a notice of appeal on July 27, 2022.

## DISCUSSION

### The Court Improperly Denied Defendant's Petition Without Considering the Record of Conviction

Defendant argues the court erred in denying his resentencing petition at the prima facie stage. He specifically contends: (1) the prosecutor did not present anything to the court aside from "bald assertions" about what he had viewed in imaged documents; (2) the documents relied on by the prosecutor, particularly an arrest warrant, were not part of the record of conviction; and (3) the court applied an incorrect standard in denying the petition. The People concede that the court erred in relying only upon the prosecutor's assertion that documents in imaging indicated defendant acted alone in killing the victim, and that the court should have reviewed the record of conviction. We agree with the parties that the court erred in relying on the prosecutor's assertions, rather than on the record of conviction, in denying the petition. Accordingly, we reverse the denial of the section 1172.6 petition and remand the matter for another prima facie hearing at which the prosecutor may submit documents from the record of conviction to aid the court.

4

A. *Relevant Law*

Senate Bill No. 1437, effective January 1, 2019, was enacted to amend the felony-murder rule and eliminate natural and probable consequences liability for first and second degree murder. (Stats. 2018, ch. 1015, § 1, subd. (f); *People v. Gentile* (2020) 10 Cal.5th 830, 849.) To that end, Senate Bill No. 1437 amended sections 188 and 189 (murder). Senate Bill No. 1437 "also created a special procedural mechanism for those convicted under the former law to seek retroactive relief under the law as amended. [Citations.] Under newly enacted section 1172.6, the process begins with the filing of a petition containing a declaration that all requirements for eligibility are met [citation], including that '[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to [Penal Code] Section 188 or 189 made effective January 1, 2019,' the effective date of Senate Bill 1437 (§ 1172.6, subd. (a)(3))." (*People v. Strong* (2022) 13 Cal.5th 698, 708, fn. omitted.) Where the petition complies with the requirements of section 1172.6, subdivision (b)(1), the trial court must appoint counsel, if requested. (§ 1172.6, subd. (b)(3).) Furthermore, "the prosecutor shall file and serve a response" and the petitioner may file a reply. (§ 1172.6, subd. (c).) "After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (*Ibid.*)

In determining whether the defendant has made a prima facie showing of entitlement to relief, the trial court " 'should accept the assertions in the petition as true

5

unless facts in the record conclusively refute them as a matter of law.' [Citation.] The court's authority to summarily deny a petition is thus limited to 'readily ascertainable facts' taken from the record of conviction." (*People v. Davenport* (2021) 71 Cal.App.5th 476, 481 (*Davenport*); see also *People v. Lewis* (2021) 11 Cal.5th 952, 970-971 (*Lewis*).)

B. *The Court Erred in Denying Defendant's Petition Without Considering the Record of Conviction*

Defendant presented a petition that alleged he pled guilty to voluntary manslaughter under threat of felony murder or natural and probable consequences murder theories, and that he was not the actual killer. At the prima facie stage, the trial court was only permitted to dismiss the petition if the record of conviction established ineligibility as a matter of law. (§ 1172.6, subd. (c).)

The prosecution did not present any documents from the record of conviction, but merely asserted at the hearing that "[t]he documents in imaging, including the arrest warrant, indicated that [defendant] was acting alone when he killed the [victim]." The court found defendant ineligible for relief, "[b]ased on the information provided to this Court, . . . the charge, and the lack of any instructions or theories of prosecutions which would . . . bring this within [former section] 1170.95." The People concede, and we agree, that the prosecutor's representations were insufficient to establish defendant's ineligibility for relief, and the court should have considered the record of conviction in determining whether defendant made a prima facie showing. "The court's authority to summarily deny a petition is . . . limited to 'readily ascertainable facts' taken from the record of conviction." (*Davenport*, *supra*, 71 Cal.App.5th at p. 481.) "[T]he parties can,

6

and should, use the record of conviction to aid the trial court in reliably assessing whether a petitioner has made a prima facie case for relief under subdivision (c)." (*Lewis*, *supra*, 11 Cal.5th at p. 972; see *Id*. at p. 971 ["The record of conviction will necessarily inform the trial court's prima facie inquiry under section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless."].)[3]

C. *The Matter Should Be Remanded for Another Prima Facie Hearing*

Defendant concludes that the trial court's denial must be reversed with directions to issue an order to show cause.[4] He claims his petition, coupled with the information and his plea, sufficiently alleged facts that he was eligible for resentencing pursuant to section 1172.6. He contends that "[n]othing in the record of conviction refuted these allegations as a matter of law," and therefore we must reverse the court's denial, with directions to issue an order to show cause. However, as the reviewing court, it is not our place to issue an order to show cause; rather, it is the trial court's duty to review the record of conviction, determine whether the petitioner has made a prima facie showing for relief, and issue an order to show cause. (§ 1172.6, subd. (c).) Thus, we agree with the People that the matter should be remanded for another prima facie hearing.

---

[3] In light of our conclusion, we find it unnecessary to address defendant's other contentions that the documents relied on by the prosecutor were not part of the record of conviction, and that the court applied an incorrect standard in denying the petition.

[4] We note that, although defendant initially states the appropriate remedy is to remand for a prima facie hearing, he proceeds to argue that we must reverse the denial with directions to issue an order to show cause.

## DISPOSITION

The court's denial of defendant's section 1172.6 petition is reversed, and the matter is remanded for another prima facie hearing.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
J.

We concur:

SLOUGH
Acting P. J.

MENETREZ
J.